THE STATE vs. WERTZEL.

*December 23, 1884 — January 13, 1885.*

HIGHWAYS.  *(1) Estoppel by acquiescence in validity of order laying out highway. (2) Encroachments: Abandonment. (3) When highway is " lawfully opened."*

1. Where the former owner of land and his grantee have acquiesced for a number of years in the validity of an order laying out a

highway thereon and have built and maintained a fence on what was supposed to be the line of the highway, and during that time the land has greatly increased in value and large sums have been expended upon the highway, the grantee is estopped from asserting that such order was invalid because the award of damages failed to state the names of the owners upon whose land the highway was laid out or that their names were unknown to the supervisors, as required by sec. 60, ch. 19, R. S. 1858.

2. The failure of the supervisors to compel the removal of a fence which encroaches upon a highway, for a period of five years, is not such an abandonment of the highway as will relieve the adjoining owner from the obligation to remove such fence. Sec. 1294, R. S., relates only to *obstructions* to the highway as distinguished from mere *encroachments*.

3. A highway laid out and established through wild and unfenced lands, and afterwards used and traveled by the public, is "lawfully opened" within the meaning of sec. 1330, R. S.

APPEAL from the Circuit Court for *Eau Claire* County.

This action was brought to recover the penalty prescribed by sec. 1331, R. S., for an alleged encroachment upon a public highway in the town of Ludington, Eau Claire county. The existence of the highway is denied by the answer.

The supervisors of the proper town made an order in May, 1874, laying out the highway in question four rods wide on the line between sections 10 and 11, and at the same time awarded damages therefor to the owner of each parcel of land over which it was laid. The names of the several owners of such parcels, or the fact that any such owners were unknown to the supervisors, were not specified in the award as required by sec. 60, ch. 19, R. S. 1858 (R. S. sec. 1270).

When the highway was laid out, a survey thereof was made by one Hackett, who was the deputy county surveyor, and the line between sections 10 and 11 was located by him. The alleged encroachment is on the southwest quarter of section 11. In 1876 one Kopplin, the grantor of the defend-

ant, who then owned and occupied that quarter section, procured Hackett to make a survey of his quarter section. Hackett also made another survey of the section line, which did not agree with his first survey. Soon after, Kopplin built the fence in question across the quarter section, two rods east of the section line as last located by Hackett, and such fence has been maintained there ever since. When the road was laid, the line of it between sections 10 and 11 was unfenced and unoccupied, and the travel on the road was on different tracks, both east and west of the place where the fence was afterwards built. Since the fence was built the road has not been traveled east of it.

A few years after the erection of the fence, the supervisors of the town of Ludington employed another surveyor to locate the section line. He located it east of the line located by Hackett. If the last survey is correct, the fence across the whole quarter section is within the limits of the highway. The supervisors adopted that as a correct survey, and in 1881 served upon the defendant (who had become the owner of that quarter section) a notice under sec. 1330, R. S., to remove the fence, which he failed to do. This action was thereupon commenced to recover the statutory penalty for such failure.

The foregoing facts appearing on the trial, the court directed the jury to find for the defendant, which they accordingly did. This appeal is on behalf of the plaintiff from the judgment entered pursuant to the verdict.

*Alexander Meggett*, for the appellant.

For the respondent there was a brief by *Frawley, Hendrix & Brooks*, and oral argument by *Mr. Frawley*. They contended, *inter alia*, that in a purely statutory proceeding such as the laying out of a highway a strict compliance with the statute is essential to jurisdiction. *Ruhland v. Supervisors*, 55 Wis. 668; *Williams v. Holmes*, 2 id. 129; *Austin v. Allen*, 6 id. 134; *Babb v. Carver*, 7 id. 124; *Roehr-*

The State vs. Wertzel.

*born v. Schmidt*, 16 id. 519; *Isham v. Smith*, 21 id. 32; *Damp v. Dane*, 29 id. 419; *State v. Castle*, 44 id. 670; *Steen v. Norton*, 45 id. 412; *Craig v. North*, 3 Met. (Ky.), 187; *Pollard v. Ferguson*, 1 Litt. (Ky.), 196. The insufficiency of the award of damages was a jurisdictional defect and fatal to the proceedings. *Turner v. Thorntown*, 33 Ind. 319; *Hardwick v. Danville*, id. 321; *New Haven & Ft. W. T. Co. v. Bird*, id. 325; *Lovell v. St. Paul*, 10 Minn. 292; *Allison v. Commissioners*, 54 Ill. 170; *Monticello v. Commissioners*, 59 Me. 391; *Hood v. Finch*, 8 Wis. 381; *Powers v. Bears*, 12 id. 213; *Brock v. Hishen*, 40 id. 674; *Lull v. Curry*, 10 Mich. 398; *Dolphin v. Pedley*, 27 Wis. 469; *Comm. v. Coombs*, 2 Mass. 489; *Comm. v. Great Barrington*, 6 id. 492; *Lancaster v. Pope*, 1 id. 86; 33 N. J. Law, 36; 24 id. 133; 26 id. 192; *Rusch v. M., L. S. & W. R'y Co.* 54 Wis. 136; *Ross v. Highway Comm'rs*, 32 Mich. 301; *New Washington Road*, 23 Pa. St. 485.

LYON, J. This appeal presents two questions for determination: (1) Was the highway legally laid out and established? and, if so, (2) Is the defendant entitled, under sec. 1294, R. S., to maintain his fence where it now is? The only ground necessary to be considered upon which the validity of the order laying out the highway is assailed, is that the award of damages does not specify the names of the owners of lands over which it is laid, or that such lands belong to unknown owners. The circuit court overruled a motion for a nonsuit founded upon such omission, thus holding that the road was legally laid out. A verdict was directed for the defendant upon the ground that the portion of the highway as laid, which is east of the fence, not having been worked or traveled for more than five years before notice was given to remove the fence, had been wholly abandoned by the public, and ceased thereby to be a highway.

I. The award of damages, made when the highway in ques-

tion was laid in 1874, is informal, in that it fails to state the names of the owners upon whose lands the highway was laid, or that their names were unknown to the supervisors. Sec. 60, ch. 19, R. S. 1858, seems to require this to be done. The description of each parcel of land, and the damages awarded for its condemnation to the public use, are the more important things which should appear from the award. These properly appearing, it is of much less importance that the names of the owners should be stated, and still less that it should be stated that the names of such owners were unknown. The owner has notice of the proceedings which result in laying out a highway, and he is chargeable with notice of the order laying out the same, and of the award of damages. He knows the description of his land, and it is easy for him to ascertain from the award the amount of damages to which he is entitled, although he is not specifically named therein, or although the award fails to inform him that the supervisors do not know his name. We should hesitate to hold that such omission invalidates the order laying out the highway, although there are cases elsewhere which so hold. But, however that may be, we think the defendant is not in a position to attack the validity of the order laying out the highway in question because of such omission. The acts of defendant's grantor bind the defendant. Such grantor acquiesced in the order laying the highway, and erected his fence on what he supposed to be the east line thereof. It does not appear that either the defendant or his grantor ever questioned the validity of the order until this action was brought, but always theretofore acquiesced in it as a valid order. To allow the defendant, now, for the first time, to assert its invalidity might work great injustice to the town. When this order was made the land over which the road was laid was wild and unimproved, and the damages awarded to owners trifling. Now it is improved, fenced, and cultivated, and presumably greatly in-

The State vs. Wertzel.

creased in value. Should such order be declared invalid, and the public interests require a highway on that section line, the damages resulting from establishing a highway there at the present time would necessarily be very largely in excess of what they were in 1874. Besides, these owners have stood by and allowed the town to expend large sums in making the highway and building bridges thereon without raising any question of the validity of the order laying it out. Under these circumstances we think the defendant and his grantor have acquiesced in the validity of the highway altogether too long to be heard now to dispute it. We conclude, therefore, that the learned circuit judge ruled correctly in holding that the order of 1874 was valid and established a legal highway.

II. On the question whether the portion of the highway lying east of the fence became vacated by reason of the failure of the supervisors to require the removal of the fence until it had stood there over five years, and the public travel excluded during that time from the east side thereof, it is only necessary to say that we are aware of no statute or rule of law which gives that effect to such non-user of a portion of the road for the time indicated. It may be that had the fence remained there for over twenty years, and public travel been thereby excluded from the east side thereof, there might be such a result. That would be an application of the doctrine of prescription. Whether that doctrine is applicable in such a case is not here determined. A highway may be laid on a section line without a survey and location of the line, or under a misapprehension as to its exact location. It may, and doubtless does frequently, happen, especially in the sparsely settled portions of the country, that a highway is laid upon a section line through wild and uncultivated lands, and the exact location of such line may not be determined for years thereafter. It would be intolerable if a settler on the line of such highway, whose fences encroached upon it, could force the highway permanently

from the line upon which it was laid, merely because he had maintained such encroachments for four or five years before the town authorities discovered the encroachment and saw fit to take steps for its removal.    We do not think the law sanctions any such doctrine.

Neither is the case within sec. 1294, R. S.    That section provides that "every public highway already laid out, or which shall hereafter be laid out, shall cease to be considered a public highway at the expiration of four years from the time when it was so laid out, except such parts thereof as shall have been opened, traveled, or worked within such time."    In the first place, the proofs tend to show that this highway had been traveled east of where the fence stands after it was laid out, and before the fence was erected.    If the statute has any application at all in a case of mere encroachment, that fact takes this case out of the statute, but we are of the opinion that the statute relates only to *obstructions* to the highway as distinguished from mere *encroachments*.

It must be held, therefore, that there was no such abandonment of the highway in question as will relieve the defendant from the obligation to remove his fence, if it is within the limits of the highway as laid out and established in 1874.    Upon the question whether it is within such limits, the testimony was conflicting; hence that question should have been submitted to the jury.

III.  We are of the opinion that a highway laid out and established through wild and unfenced lands, and afterwards used and traveled by the public, is "lawfully opened," within the meaning of sec. 1330, R. S.    It follows that the highway in question is within that section, and if the defendant has maintained an encroachment in it, after due notice to remove the same, he is liable to the penalty of sec. 1331.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.